IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| NATHAN VICTOR ATKINS | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-471 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Nathan Victor Atkins, an inmate confined at the Neal Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The Petition

Petitioner filed this Petition for Writ of Habeas Corpus claiming that trial counsel provided ineffective assistance of counsel. Petitioner asserts three grounds for review in which he contends counsel was ineffective by: (1) failing to convey the state's plea offer; (2) failing to prepare for trial; and (3) failing to present substantial mitigating evidence.

The Response

The Respondent was ordered to show cause why relief should not be granted. In response, the Respondent asserts a general denial, denying all of Petitioner's assertions of fact, except those supported by the record or specifically admitted in the response.[1] The Respondent contends Petitioner has failed to show the state court resolution of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable

---

[1] While the Respondent asserted a general denial he also answered the specific allegations of the Petition as required by Rule 5 of the Rules for Section 2254 Cases.

determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, the Respondent asserts that the Petition should be denied and dismissed with prejudice.

### Procedural Background

On September 28, 2016, Petitioner was indicted by the Jefferson County grand jury for the felony offense of continuous sexual abuse of a child.  On October 19, 2017, following trial before a jury in the Criminal District Court of Jefferson County, Texas, Petitioner was found guilty of a lesser included offense of indecency with a child.  (Doc. #9-4 at *10.)  Petitioner was sentenced to a term of twenty (20) years' incarceration in the Texas Department of Criminal Justice, Correctional Institutions Division.  *Id.*

Petitioner appealed his conviction to the Ninth Court of Appeals in Beaumont.  The appellate court affirmed the judgment of the trial court on October 17, 2018.  *See Atkins v. State*, No. 09-17-00420, 2018 WL 5020082 (Tex. App. - Beaumont, Oct. 17, 2018, pet. ref'd).  Petitioner's Petition for Discretionary Review was refused by the Texas Court of Criminal Appeals on January 30, 2019.  *Id.*

On December 12, 2019, Petitioner filed a state Application for Writ of Habeas Corpus.  The Texas Court of Criminal Appeals denied the Application on September 30, 2020 without written order based on the findings of the trial court and on the court's independent review of the record.  (Doc. #9-22 at *1).

### Factual Background

The state intermediate appellate court provided the following summary of the factual background for this case:

> The victim, S.S., testified that her mother began seeing Atkins when S.S. was six or seven years old.  According to S.S., Atkins sexually abused and molested her for approximately five to six years. S.S. testified that Atkins put his hand down her pants "where it was skin to skin contact" and rubbed his hand on the outside of her genitals. S.S. explained that the abuse usually occurred on the couch in the living room of her home, where Atkins would lie down covered with a blanket. S.S. testified that the abuse occurred "a couple of times a week[ ]" until she was eleven or twelve years old.
>
> Over defense counsel's objection, the trial court allowed S.S. to testify that when she was ten or eleven years old, Atkins lifted her shirt, looked at her breasts, and kissed her breasts. S.S. testified that when she realized how wrong the abuse was, she feared

that it would hurt her mother, so she delayed making an outcry. S.S. explained that while she was attending a church convention in the summer of 2016, when she was fifteen years old, a speaker encouraged any victims of abuse to tell someone, and she decided to do so. S.S. explained that her outcry to youth minister Matthew Champagne at the conference was the first time she told anyone over the age of eighteen about the abuse. S.S. then met with a priest regarding the abuse, and the priest informed her that he was required to inform Child Protective Services ("CPS"). When S.S. got home from the conference, she reported the abuse to her mother and father.

*Atkins*, 2018 WL 5020082 at *1.

<u>Standard of Review</u>

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254 generally prohibits a Petitioner from relitigating issues that were adjudicated on the merits in state court proceedings, with two exceptions. *See* 28 U.S.C. § 2254(d). The first exception allows a Petitioner to raise issues previously litigated in the state court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Federal habeas relief from a state court's determination is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Further, following the Supreme Court's decision in *Cullen v. Pinholster*, federal habeas review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A decision is contrary to clearly established federal law if the state reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.*

This court must accept as correct any factual determinations made by the state courts unless the Petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951 (holding that a full and fair hearing is not a precondition according to § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review).

<u>Analysis</u>

I.    *Ineffective Assistance of Counsel*

Petitioner brings this habeas Petition alleging three grounds of ineffective assistance of counsel. Petitioner contends trial counsel provided ineffective assistance of counsel by failing to convey the state's plea offer, failing to prepare for trial, failing to present substantial mitigating evidence.

A.    Substantive Law

The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. A defendant's Sixth Amendment right to counsel attaches at all critical

4

stages in the proceedings "after the initiation of formal charges." *Moran v. Burbine*, 475 U.S. 412, 431 (1986).

The Supreme Court has addressed the issue of what a Petitioner must prove to demonstrate an actual ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668 (1984). In order to show that counsel was ineffective a Petitioner must demonstrate the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. To establish deficient performance, a Petitioner must show that counsel's actions "fell below an objective standard of reasonableness." *Id*. at 689. In evaluating counsel's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that, under the circumstances, the challenged action might be considered sound trial strategy. *Id*.

In order to prove the prejudice prong, "there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Coleman v. Vannoy*, 963 F.3d 429, 433 (5th Cir. 2020) (internal quotation omitted). Further, a "petitioner must affirmatively prove, not just allege, prejudice." *Id*. (internal quotation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Harrington,* 562 U.S. at 104. To satisfy the prejudice prong, the "likelihood of a different result must be substantial, not just conceivable." *Id.* at 112.

In order to prevail on an ineffective assistance of counsel claim, a Petitioner "must meet both the deficient performance and prejudice prongs of *Strickland*." *Wong v. Belmontes*, 558 U.S. 15, 16-17 (2009). If a Petitioner fails to prove the prejudice part of the test, the court need not address the question of counsel's performance. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995). A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged

conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

When a Petitioner brings an ineffective assistance claim under the AEDPA, the relevant question is whether the state court's application of the deferential *Strickland* standard was unreasonable. *See Beatty v. Stephens*, 759 F.3d 455, 463 (5th Cir. 2014). "Both the *Strickland* standard and AEDPA standard are 'highly deferential,' and 'when the two apply in tandem, review is doubly so.'" *Id.* (quoting *Harrington*, 562 U.S. at 105).

B.     Failure to Convey the State's Plea Offer

In his first ground for review, Petitioner contends trial counsel provided ineffective assistance of counsel by failing to convey to Petitioner the state's plea offer. Petitioner claims that "counsel's failure to effectively convey the state's plea offer to [Petitioner] and [counsel's] failure to advise [Petitioner] on either accepting or rejecting the plea constitutes performance so below the objective standard of reasonableness that trial counsel should be found to have rendered ineffective assistance." (Doc. #1 at *16.)

In *Missouri v. Frye,* 566 U.S. 134, 138 - 145 (2012) and *Lafler v. Cooper,* 566 U.S. 156, 162-163, the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to the negotiation and consideration of plea offers that lapse or are rejected. In *Frye,* the Court specifically held that counsel has a "duty to communicate formal offers from the prosecution to accept a plea," and, in general, where such an offer is not communicated to the defendant, counsel "[does] not render the effective assistance the Constitution requires." *Frye*, 566 U.S. at 145. The Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland. Id.* at 145-147. In *Lafler,* the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel

6

during the plea negotiation process. *Lafler*, 566 U.S. at 166. Petitioner must demonstrate that "the outcome of the plea process would have been different with competent advice." *Id*. at 163.

Petitioner claims counsel met with him in the courthouse parking lot around thirty minutes before trial to discuss the state's plea offer with Petitioner for the first time. Petitioner claims counsel informed him the prosecution was offering ten years in exchange for a plea, which he claims counsel explained was a small sum compared to the twenty-five years to life with no parole which he faced if he proceeded to trial. Petitioner refused the deal, "reminding trial counsel of his promise to [Petitioner] that he did 'not take plea deals' and would 'see the trial to the end for the best outcome.'" (Doc. #1 at *17) (quoting Petitioner's Affidavit). Petitioner claims he did not believe that the state had even made a plea offer. Instead, Petitioner claims he believed that counsel was making an attempt to negotiate an acceptable number of years before approaching the prosecution to initiate negotiation of a plea deal. *Id*. Petitioner claims he was prejudiced by counsel's advise which led to him rejecting the plea and going to trial where he was sentenced to twenty years' confinement.

On state habeas review the court made the following findings:

### IAC-Allegation 1- Counsel Failed To Properly Convey State's Plea Offer

1. This Court finds this complaint to be fictitious and incredible because the first paragraph of applicant's own June 5, 2019 unsworn-declaration admit[s] that trial counsel informed applicant of the State's plea-bargain agreement, but also admits to telling trial counsel that he [applicant] expressly rejected the State's plea-bargain offer.

2. Additionally, as noted by the State in its Answer, the trial record reflects that trial counsel placed on the record the fact that applicant expressly verified that he [applicant] was "not interested in [trial counsel] pursuing any kind of plea type of deal." *See* 3RR12-14]

3. Therefore, this Court finds applicant's first IAC allegation to be incredible; to be unsupported by the instant habeas record; and, indeed, is entirely refuted by both applicant's own words in his June 5, 2019 unsworn declaration, and by the reporter's record which contains applicant verifying to the trial judge that he was not interested in having his trial counsel pursue plea-bargain offers from the State.

4. Additionally, because IAC-allegation 1 consists of a fictitious complaint which is directly refuted by what appears in the underlying trial record, this Court further finds the various IAC-allegations and assertions contained in applicant's amended application, in his accompanying legal memorandum, and in both of applicant's unsworn declarations, to be incredible and unworthy of belief.

> 5. With respect to IAC-allegation 1, this Court finds applicant has failed to demonstrate, by a preponderance of the evidence, that trial counsel's performance was objectively unreasonable. See *Strickland,* 466 U.S. at 688.

(Doc. #9-25 at *47-48.)

Petitioner relies on his own self-serving affidavit to support his claim of misunderstanding that the plea offer was an actual offer as well as the claim regarding the alleged inadequacy of counsel's advice. The state court found Petitioner's claim fictitious and directly refuted by the record. Petitioner has failed to rebut the presumption of correctness afforded to the state court's factual findings with clear and convincing evidence as required by statute. 28 U.S.C. §2254(e)(1). Further, Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's ground for relief should be denied.

C.     Failure to Prepare for Trial

Petitioner claims counsel's failure to adequately prepare for trial constituted ineffective assistance of counsel. Additionally, Petitioner claims counsel failed to timely provide him with the state's discovery. Petitioner contends that counsel's inexcusable performance failed to submit the prosecution's case to a meaningful adversarial testing.

Trial counsel disagreed with Petitioner's allegations of ineffective assistance against him. During the state habeas proceedings, counsel submitted an affidavit and exhibits refuting Petitioner's allegations. Counsel's affidavit stated, in pertinent part, the following:

> I really find it amazing that Mr. Atkins would contend that I had not prepared for trial, because, first, I remember Mr. Atkins thanking me for working so hard on his case in preparation for the Trial and complimenting me on what a great job I did in trial representing him. He told me he was disappointed in the jury's decision, but was very thankful that we had convinced them to find him not guilty of the Continuous Sexual Abuse of a Child.

> The attached copies of some of my notes, my motions, my legal research, my preparation and research for cross examination of alleged sexual abuse child victims and the transcript of the trial (not attached) which shows my performance, my cross

examination of witnesses and presentation of our own evidence as well as spending hours examining and reading the voluminous CPS records in this case and interviewing the State's witnesses, and preparation for argument, all show the extensive and lengthy hours spent in preparation for the trial of this case.

After receiving my Article 39.14 discovery from the State, we spent many hours going over and discussing the State's evidence with Mr. Atkins and as shown by the enclosed copies of my notes and copies of photos we received from Mr. Atkins, we spent many hours preparing our defense as well as preparing Mr. Atkins for his direct and cross examination of his testimony.

All of this, in spite of the fact, that Mr. Atkins has signed a contract on December 22, 2016, to pay my firm $25,000.00 for our services, of which he only paid $7,500.00 and $500.00 of which was the only payment he made in the year 2017, and this case was tried in October 2017. Our total charges for our services exceeded $28,000.00, but I have never and will never allow the lack of payment to my firm to stand in the way of my obligation to properly prepare for trial in the representation of my clients, and I certainly did not do that here in Mr. Atkin's case.

(Doc. #9-24 at *118.)

On state habeas review the court made the following findings:

**IAC-Allegation 2- Trial Counsel "Failed To Prepare For Trial"**

6. Having carefully examined the underlying trial record, the Ninth Court's memorandum opinion, trial counsel's affidavit and his attached exhibits, this Court finds there is extensive credible evidence demonstrating that trial counsel was well-prepared for trial on both the initial continuous-sexual-abuse-of-a-child charge and the lesser-included offense of indecency with a child.

7. This Court finds trial counsel, Bruce N. Smith, to be credible, and that his factual statements and observations contained in his affidavit to be credible, and supported to a great degree with pleadings, documents, exhibits, testimony, official records, and other such material contained in the instant habeas record.

8. Under Roman numeral I of trial counsel's affidavit, this Court finds that counsel's statements in response to IAC-allegation 1 to be credible and also that said statements additionally refute applicant's allegation that counsel did not "properly convey" the State's plea-bargain offer to applicant.

9. Under Roman numerals II and III of trial counsel's affidavit, this Court further finds that the factual-response under each contains credible and reliable refutations by trial counsel to applicant's skeletal-allegation that counsel was unprepared for trial, especially in light of the numerous items from counsel's file submitted by trial counsel as exhibits, including the numerous photos provided to counsel by applicant as examples of the purportedly extensive amount of "happy times" he spent with the victim and the victim's family, which trial counsel has included as exhibits to his affidavit.

10. With respect to IAC-allegation 2, this Court finds applicant has failed to demonstrate, by a preponderance of the evidence, that trial counsel was unprepared

9

for trial or that, with respect to trial counsel's trial-preparation or strategy, counsel's performance was objectively unreasonable. *See Strickland*, 466 U.S. at 688.

(Doc. #9-25 at *48-49.)

Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that trial counsel's representation was constitutional. Petitioner has failed to rebut the presumption of correctness afforded to the state court's factual findings with clear and convincing evidence as required by statute. 28 U.S.C. §2254(e)(1). Further, Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's ground for relief should be denied.

     D.     Failure to Present Substantial Mitigating Evidence.

Petitioner contends counsel was ineffective when he failed to introduce letters from Child Protective Services ("CPS") showing that its investigation was inconclusive. Petitioner asserts that the prosecution stressed the role of the CPS investigation into the allegations against him, but counsel failed to adequately or effectively question the witnesses regarding the letters. As a result, Petitioner contends counsel's questioning repeatedly invoked the contents of the document. Petitioner contends that if the jury had been permitted the benefit of the "substantial mitigating evidence of the CPS investigation's disparate results, there is a reasonable probability that it could have reached a different outcome." (Doc. 1 at *23.)

On state habeas review the court made the following findings:

### IAC-Allegation 3- Counsel Failed To Introduce Substantial And Crucial Mitigating Evidence

11. Although not entirely clear in either the amended application or legal memorandum, this Court infers the "substantial" and "crucial" "mitigating evidence" to which applicant refers under IAC-Allegation 3 are the letters from the Child Protective Service's [CPS] which, according to applicant, "state[] disparate results regarding its investigation into[] S.S.'s case[.]" See legal mem.,p. 10]

12. Under Roman numeral III, trial counsel responds to this allegation in the following manner:

> As discussed earlier herein, we [applicant and counsel] reviewed, studied and investigated the voluminous CPS records we received in our Article 39.14 discovery responses from the State.
>
> Attached to this affidavit, I have included a photo copy of the CD that contained the voluminous CPS records associated with this case. Additionally, I have enclosed copies of the relevant CPS documents relating to the issue of CPS sending out two (2) different letters regarding their findings of their investigation, as well as a copy of their staffing, case summary and disposition finding of "reason to believe," dated two (2) days after a letter from CPS, apparently mistakenly sent, making a finding of "unable to determine."
>
> I knew as a result of my preparation, that these two (2) different letters gave "the appearance" of being somewhat mitigating to our side, but that if the in-depth facts, supported by the enclosed documents, came out in evidence, the jury would see that the finding of "unable to determine" was simply not supported by their staffing, case summary and true disposition finding of "reason to believe."
>
> Therefore, during the trial we were able to clearly show through testimony, [the existence] of two (2) inconsistent CPS "letters[,]" but I [purposely] did not press the issue of getting them into evidence, for I knew the State would simply present the testimony and the documents that showed that the true CPS disposition in their case summary was "Reason to Believe." I knew if this was to happen then we would be accused of trying to mislead the Jury, which I had no intention of doing in this or any other trial. [emphasis in original]

13. This Court finds the above-quoted responses by trial counsel to be credible, and to exhibit a reasonable trial tactic under the facts and circumstances known to him at the time of trial.

14. Thus, with respect to IAC-allegation 3, this Court finds applicant has failed to demonstrate, by a preponderance of the evidence, that trial counsel's refusal to continue to press for the introduction of the two CPS letters containing inconsistent investigation-findings was objectively unreasonable under "prevailing professional norms," or that this decision by trial counsel did not fall within "the wide range of reasonable professional assistance." *See Strickland*, 466 U.S. at 688-689.

(Doc. 9-25 at *50-51.)

Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland,* 466 U.S. at 689 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"). A federal habeas corpus court may

not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *Crane v. Johnson,* 178 F.3d 309, 312 (5th Cir. 1999).

Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that trial counsel's representation was constitutional. Petitioner has failed to rebut the presumption of correctness afforded to the state court's factual findings with clear and convincing evidence as required by statute. 28 U.S.C. §2254(e)(1). Further, Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's ground for relief should be denied.

    E.    Conclusion

Based on the above findings, the state court concluded that Petitioner's trial counsel's representation was not unconstitutional. The state habeas court stated the following:

### *This Court's Ultimate Resolution Of Applicant's IAC-Claim*

15. From the foregoing analysis of applicant's claim, this Court finds the instant habeas record fails to demonstrate, by a preponderance of the evidence, that the legal representation provided to applicant by his retained trial counsel, Bruce N. Smith, "fell below an objective standard of reasonableness." *See Hinton v. Alabama*, _ U.S._, 134 S.Ct. 1081, 1088 (2014) (citing *Strickland*, 466 U.S. at 688.).

(Doc. 9-25 at *51-52.)

Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that trial counsel's representation was constitutional. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's grounds for relief should be denied.

Recommendation

The above-styled Petition for Writ of Habeas Corpus should be denied and dismissed.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 24th day of January, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE